UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAWN MARIE MENNE,

        Plaintiff,

v.                                       Civil Action No. 2:13cv48

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER

Plaintiff brought this action seeking judicial review of the final decision of the Acting Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits. This matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. United States Magistrate Judge Douglas E. Miller considered the Motion for Summary Judgment filed by Plaintiff and the Cross-Motion for Summary Judgment filed by the Acting Commissioner of Social Security. The Report and Recommendation (R&R) of the Magistrate Judge recommended denying Plaintiff's Motion for Summary Judgment, and granting the Commissioner's Motion for Summary Judgment. The R&R recommended dismissing the case.

Each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. Plaintiff filed objections to the Magistrate Judge's R&R. The Commissioner has filed no objections, and has elected to waive any response

1

to Plaintiff's objections. This Court took Plaintiff's objections under advisement and has considered them, and the entire record, carefully.

Plaintiff contends that the Magistrate Judge erred when he concluded that substantial evidence supported the decision of the Administrative Law Judge (ALJ) that Plaintiff was not disabled to the extent warranting disability benefits between August 1, 2007 and September 30, 2008. Plaintiff argues that the ALJ failed to obtain evaluations from medical professionals on behalf of the Commissioner, and that no medical professionals interviewed Plaintiff's health care providers on behalf of Commissioner. Instead, Plaintiff contends, the ALJ erred by giving "great weight" to the findings of State agency Single Decision Maker (SDM) Robert Chaplin, who is not a medical professional and who never interviewed Plaintiff. *See Penley v. Astrue*, 1:08CV534, 2011 WL 2748609, at *2 n.1 (W.D.N.C. July 13, 2011) (noting that the acronym "SDM" does not "connote[] . . . medical credentials").

Plaintiff's objections include a review of medical treatment that Plaintiff received between the alleged onset date of August 1, 2007, and the last insured date of September 30, 2008, and concludes, after this review, that "[n]o evidence exists to the contrary concerning the severity of [Plaintiff's] seizures and headaches." Obj. 3, ECF No. 15. As the R&R recognizes, however, the evidence that Plaintiff presented, as well as the entire record before the ALJ, failed to establish that Plaintiff's severe impairments during the insured period were sufficient to warrant eligibility for disability benefits.

The R&R provided comprehensive summaries of the applicable factual background and legal standards, and these summaries are adopted. The Magistrate Judge addressed assertions that are similar to those presented in Plaintiff's objections–general allegations that the ALJ overlooked the records of multiple health care providers concerning Plaintiff's medical

condition–by concluding that Plaintiff failed to specify medical records that contradict the ALJ's findings. R&R 12, ECF No. 14. The Magistrate Judge found correctly that the ALJ's evaluation of Plaintiff included a "lengthy review of Plaintiff's treatment record including emergency room and general hospital records, and the records of treating physicians Dr. Zhu, Dr. Christian-Taylor, Dr. Dixit, and psychologist Ann D. Mingione. *Importantly, none of these providers ever opined that [Plaintiff's] condition was disabling or work-limiting in any capacity.*" *Id.* at 14 (citations omitted) (emphasis added). The Magistrate Judge correctly concluded that after reviewing the entire record, "the ALJ determined that the 'medical evidence from the period of August 2007 through September of 2008, does not support disability' because '[t]he frequency, duration, location, and intensity of symptoms and limitations alleged by the claimant are unsupported by the objective medical findings of record and treatment notes.' [Plaintiff] has not identified an objective medical record inconsistent with this finding." *Id.* (citations omitted).

The Magistrate Judge's thorough review of the ALJ's evaluation confirms that there were no errors in the consideration of the medical evidence Plaintiff presented, or in the scope of that consideration. The ALJ credited Plaintiff's reports that she had suffered from recurrent transient ischemic attacks during the relevant insured period, but after conducting a careful review of the medical evidence, found that the reports were inconsistent and contradictory with that evidence. *Id.*

Accordingly, Plaintiff's objections regarding the weight the ALJ placed on the assessments performed by Mr. Chaplin must be overruled. The R&R recognized that *exclusive* reliance upon the assessments of a SDM fails to constitute sufficient substantial evidence upon which the Commissioner may rely in rejecting a claim for disability benefits: "there is authority that the opinion of an SDM, standing alone, is not substantial evidence on which the ALJ can

3

rely to satisfy . . . obligations to develop an RFC." *Id.* at 15 (internal quotation marks omitted) (quoting *Fisher v. Astrue*, 1:10cv073, 2011 WL 4965030, at *3 (W.D.N.C. October 13, 2011)). However, the R&R also recognized plainly that the ALJ considered a much wider scope of evidence beyond Mr. Chaplin's assessments. This scope is detailed in the R&R thoroughly and persuasively. *Id.* at 16. Moreover, the R&R further notes that neither Plaintiff, nor an independent examination of the medical record, presents "any other opinion evidence from a treating or examining physician that suggests [that Plaintiff] suffered from any greater impairment than what the ALJ noted." *Id.* at 17. This Court agrees.

After reviewing the record *de novo*, this Court must conclude that substantial evidence in the record supports the ALJ's determinations in this case, and that the neither the ALJ nor the Magistrate Judge committed errors compelling reversal or remand.

Plaintiff's objections (ECF No. 15) must be overruled, and the Court **ADOPTS** the findings and recommendations set forth in the underlying Report and Recommendation (ECF No. 14). 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b).

Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, and the case is **DISMISSED**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/ Arenda L. Wright Allen
United States District Judge

February ___, 2014
Norfolk, Virginia